UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
FRANK JAMES OSLZLY,

                      Plaintiff,

          - against -

LAWRENCE ROSENBLATT, *et al.,*

                    Defendants.
---------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

14-cv-3638 (BMC) (LB)

**COGAN**, District Judge.

    This case has recently been reassigned to the undersigned and I have reviewed the pleadings pursuant to 28 U.S.C. § 1915(e). In addition, plaintiff has filed a motion for leave to file an amended complaint, which defendants have opposed. I am dismissing the complaint for failure to state a claim and denying the motion to amend because it would be futile to allow it.

### BACKGROUND

    Plaintiff *pro se* is a homeless man with a history of mental illness. He commenced this action under the Americans with Disability Act against: (1) two New York City agencies, the Department of Homeless Services and the New York Human Resources Administration; (2) one of their contracting service providers, Bowery Residents Committee, Inc. ("BRC"), a not-for-profit corporation that provides homeless shelter and services; and (3) a number of employees of BRC (defendants Rosenblatt, Dukas, Fulton, Liang, Hinohara, and Tudd). His complaint, in essence, was that defendants failed to provide adequate services to him or to otherwise treat him properly. He sought the return of specified personal property, hotel accommodations, an advance

of attorneys' fees to find his medical records, a criminal investigation of the individual defendants, restraining orders of an unspecified nature, unspecified damages, and an investigation of Medicaid fraud.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Hon. Sandra L. Townes, to whom this case was originally assigned, entered an Order dated August 18, 2014 (the "August 2014 Order") dismissing plaintiff's claims against all defendants except Anna Hinohara, a psychiatrist or physician's assistant at BRC, and Jasmine Tudd, a manager at BRC. Oslyzly v. Rosenblatt, No. 14-cv-3638, 2014 WL 4161347 (E.D.N.Y. Aug. 19, 2014). Judge Townes held that the complaint included no or insufficient allegations against the individual defendants Rosenblatt, Dukas, Fulton, and Liang. She did not specifically address the claims against Hinohara and Tudd, but since she did not dismiss those claims, her Order allowed them to go forward. As to the institutional defendants, she similarly found that plaintiff had failed to allege sufficient facts to state a claim.

Because of his *pro se* status, Judge Townes permitted him to file an amended complaint alleging more facts within 30 days. He did not do so. Judge Townes then entered an Order dated October 7, 2014 (the "October 2014 Order") which stated that, in view of his failure to file an amended complaint, "plaintiff's claims against defendants Lawrence Rosenblatt, Cynthia Dukas, Marilyn Fulton and Christopher Liang are dismissed with prejudice, as are plaintiff's claims pursuant to Title II and Title III of the ADA." She further directed that the U.S. Marshall effect service of the summons and complaint on Hinohara and Tudd so that the case could proceed.

Plaintiff then became quite active in the case in terms of filings that he made, seeking subpoenas to obtain medical records from third parties and asking the Court to issue orders

requiring payment of social security or insurance benefits from a number of agencies and providers, all of which showed an understandable lack of comprehension about the litigation and benefits process. Counsel eventually appeared for Hinohara. It is not clear whether the Marshals were ever able to serve Tudd, but in connection with plaintiff's motion to file an amended complaint, discussed below, Hinohara's counsel has advanced arguments in opposition on Hinohara's behalf as well as on behalf of the institutional and agency defendants. Magistrate Judge Bloom repeatedly attempted to conference the case and succeeded on at least one occasion, although on others plaintiff either telephoned for an adjournment or showed up too late to hold the conference.

More than a year after the expiration of the period in which Judge Townes had authorized plaintiff to file an amended complaint, plaintiff moved for leave to do so. The proposed amended complaint is essentially the same as his original complaint, against the same defendants, with perhaps a marginal amount of additional detail. It also asserts some additional disagreements that plaintiff has with the way he has been served by BRC. As to the legal theory, the main change is that, in addition to continuing to rely on the ADA, plaintiff has asserted the same claims under its predecessor, the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. Plaintiff's motion offers no explanation of why he so badly missed Judge Towne's 30-day allowance, and he has not responded to Hinohara's objection to his motion on that basis (nor on any of the other grounds she has raised).

## DISCUSSION

Plaintiff is proceeding *in forma pauperis*. Under the *in forma pauperis* statute, the Court must dismiss an action "at any time" if it determines that the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Before even reaching plaintiff's motion

3

for leave to file an amended complaint, the reference in the statute that requires court review "at any time" requires me reexamine the question of whether plaintiff's original complaint stated a claim against Hinohara and Tudd.

The law of the case doctrine does not preclude this statutory mandate. Although the doctrine generally requires that rulings in a case become "binding precedent to be followed in subsequent stages of the same litigation," In re PCH Assocs., 949 F.2d 585, 592 (2d Cir. 1991), there are a number of exceptions, including when reconsideration of an earlier ruling is necessary to correct a clear error. See In re Peters, 642 F.3d 381 (2d Cir. 2011); Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir. 2008) (quoting United States v. Tenzer, 213 F.3d 34, 39 (2d Cir. 2000)).

This standard is met with regard to allowing the claims against Hinohara and Tudd to proceed. Because the ADA is modeled on Title VII, virtually every court to consider the issue has held that that there is no individual liability under the ADA. See, e.g., Noia v. Orthopedic Assocs. of Long Island, No. 14–CV–1730, 2015 WL 520368, at *3 (E.D.N.Y. Feb. 9, 2015); Myers v. New York–Department of Motor Vehicles, No. 06-cv-4583, 2013 WL 3990770, at *9 (E.D.N.Y. Aug. 5, 2013) ("numerous district courts in this circuit have persuasively held that there is no individual liability under Title I or Title II of the ADA, regardless of whether the claim is brought in an individual or official capacity"); Nadolecki v. N.Y. State Dep't of Taxation & Fin., No. 09–CV–3888, 2011 WL 2446491, at *9 (E.D.N.Y. May 17, 2011). Thus, this case should have been dismissed in its entirety under §1915(e)(1) for failure to state a claim.[1]

---

[1] It is not clear why Hinohara, once she appeared through counsel, did not move to dismiss the complaint, at least as against her.

This correction is necessary because it guides the way to disposing of the pending motion for leave to file an amended complaint. Under the Federal Rules of Civil Procedure, leave to amend is to be freely granted. See Fed. R. Civ. P. 15(a)(2). However, it is obvious that leave should not be granted if it would be an exercise in futility because the proposed amended complaint fails to state a claim and would have to be dismissed anyway. See Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227 (1962); Mackensworth v. S.S. Am. Merch., 28 F.3d 246 (2d Cir. 1994). That is the case is here.

With regard to the individual defendants, plaintiff's citation in the proposed amended complaint to the Rehabilitation Act does not make his claim any better than it was under the ADA – the Rehabilitation Act, like the ADA, does not permit liability against individual defendants. See, e.g., Flum v. Dep't of Educ. of the City of New York, 83 F. Supp. 3d 494, 500 (S.D.N.Y. 2015) (no individual liability under Rehabilitation Act); Cohn v. KeySpan Corp., 713 F. Supp. 2d 143, 154 (E.D.N.Y. 2010) ("Individuals may not be sued in their individual or personal capacity under the ADA or Rehabilitation Act."); Boyd v. Broome Cmty. Coll., No. 3:14-CV-0397 GTS/DEP, 2015 WL 6962498, at *6 (N.D.N.Y. Nov. 10, 2015). The claims against the individual defendants therefore fail.

The claims against the individual defendants (other than Hinohara and Tudd) and the institutional defendants in the proposed amended complaint fail for several additional reasons. First, the motion to amend is untimely. Defendants have raised this issue and plaintiff has had ample time to respond, but has offered no reason why he neither filed within the time frame allowed by Judge Townes or sought an extension to file, choosing instead to wait more than a year. As a mentally ill, homeless, *pro se* litigant, plaintiff obviously is entitled to some leniency in this regard, but he still had to show something such that his delay in filing could be excused,

otherwise the Court's Order would simply be ignored. In this instance, there is nothing in the record that would be permit me to deviate from the law of the case as established by Judge Townes' October 2014 Order dismissing these defendants with prejudice.

Even if I could excuse the unexplained year-long delay, the proposed amended complaint suffers from the same defects explained by Judge Townes in her August 2014 Order. Judge Townes recognized that the ADA prohibits discrimination on the basis of a *disability*, that is, that plaintiff was not provided with services or was provided with inadequate services *because* he is disabled. It is, indeed, hard to imagine stating a claim under the statute against these institutional defendants, whose *raison d'etre* is, in substantial part, to deal with people precisely like plaintiff, i.e., the homeless and/or mentally ill. The statute is not a general grievance procedure that allows the Court to intervene and dictate what kind of care providers should be administering. Judge Townes thus stated:

> [T]he complaint does not allege facts to suggest that the BRC, HRA and DHS discriminated against plaintiff. The complaint states that, upon plaintiff's request, the HRA placed plaintiff in a BRC facility in mid-February 2014. Plaintiff has obviously been unhappy with the services provided by the BRC and has complained about them, but there is nothing in the complaint to suggest that the BRC ever refused to provide the services. Moreover, plaintiff does not allege what, if any, reasonable accommodation he required and was denied or what, if any, discrimination occurred on account of plaintiffs disability.

Oslzly v. Rosenblatt, 2014 WL 4161347, at *7. She further held that "homeless people who voluntarily choose to remain in shelters operated by government entities or contractors . . . do not have federal Constitutional or statutory rights to counseling, medical records, or counsel," id. at *8, which covers most of plaintiff's allegations in both his original complaint and proposed amended complaint. The fact that plaintiff has added a few more grievances in his proposed amended complaint and has cited to the Rehabilitation Act does not change this, as the standard

under both statutes is usually the same, see Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003), and is the same in this case.

I have conferred with Judge Bloom concerning this plaintiff's unfortunate plight and it appears that one of his primary goals in bringing this case, to obtain certain of his personal medical records through subpoena, has been accomplished. That may be the most the federal courts can do for him, as there is no statute that would allow a court to sit as a supervisory body to instruct or second-guess public and private providers as to how to care for him, which is what his original and proposed amended complaints effectively seek.

## CONCLUSION

Plaintiff's motion for leave to file an amended complaint is denied, and his original complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The Clerk is directed to enter judgment accordingly. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

.
**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      January 15, 2016

7